Sidney **BRADLEY**, Jr., **Appellant,**

v.

The **STATE** of Oklahoma, **Appellee.**

A–17459.

Court of Criminal Appeals of Oklahoma.

Sept. 20, 1972.

Don Anderson, Public Defender, Oklahoma County, for appellant.

Larry Derryberry, Atty. Gen., for appellee.

BUSSEY, Presiding Judge:

Appellant, Sidney Bradley, Jr., hereinafter referred to as defendant, was charged, tried, and convicted in the District Court of Oklahoma County, Oklahoma for the offense of Burglary in the Second Degree, After Former Conviction of a Felony. His punishment was fixed at ten (10) years imprisonment, and from said judgment and sentence a timely appeal has been perfected to this Court.

At the trial, Eldon Nix testified that he and his partner, Major Driscoll, operated a Shamrock Service Station on East Reno in Oklahoma City. He left the station on July 26, 1971, at approximately 6:00 p. m. in charge of an employee, Tommy Bright. He received a call from the police department and returned about 2:00 a. m. and observed that the glass pane had been broken from the door. Upon entering the station he observed tires stacked in a doorway and others were missing from the tire rack. The defendant was in custody of the police at the time he arrived. He observed four of his tires in the back of a 1959 white Chevrolet, which was parked on a side street next to the station.

Major Driscoll testified that he returned to the station about 10:00 p. m. the evening

of the 26th to put away some equipment that had been left outside. When he left, the station was intact and he locked the door as he left.

Officer Phillips testified that he checked the station at approximately 2:25 the morning of the 27th and discovered a broken door pane. He called for assistance and when they arrived, he and the other two officers entered the station. He observed tires stacked in the doorway and discovered the defendant hiding behind an inside door.

Officer Nevenschwander's testimony did not differ substantially from that of Officer Phillips.

Detective Huff testified that he investigated the burglary on the morning in question and found four new tires and a Chevrolet parked near the station. He subsequently interrogated the defendant and advised him of his Miranda rights. The defendant admitted burglarizing the station with two other persons and stated that he had returned to get more tires at the time the police arrived.

Defendant did not testify, nor was any evidence offered in his behalf.

The first proposition asserts that the verdict is not supported by the evidence. We have consistently held that where there is competent evidence in the record from which the jury could reasonably conclude that the defendant was guilty as charged, the Court of Criminal Appeals will not interfere with the verdict, since it is the exclusive province of the jury to weigh the evidence and to determine the facts. Turner v. State, Okl.Cr., 479 P.2d 631.

The final proposition contends that the punishment is excessive. Suffice it to say that the punishment imposed is the minimum provided by law.

In conclusion, we observe the record is free of any error which would justify modification or require reversal. The judgment and sentence is affirmed.

BRETT and SIMMS, JJ., concur.